2010 OK JUD ETH 3

**JUDICIAL ETHICS OPINION 2010–3.**

**No. 2010–3.**

Oklahoma Judicial Ethics Advisory Panel.

June 14, 2010.

## JUDICIAL ETHICS ADVISORY PANEL

¶ 1 Question(s): May a judge's bailiff endorse, participate in the campaign of or otherwise support a candidate for political office when the candidate is a close personal friend of the bailiff?

¶ 2 Answer: No.

¶ 3 Facts: The candidate in this particular case is a candidate for court clerk who is elected in a partisan political race. The position is in the county in which the judge sits.

¶ 4 Discussion: Canon 5 (A)(1)(b)(c) prohibits a judge from endorsing or opposing another candidate for public office.

¶ 5 Canon 5 1. A. (3)(b) provides a judge or judicial candidate "should prohibit employees and officials who serve at the pleasure of the candidate from doing on the candidates behalf what the candidate is prohibited from doing" under the Section of this Canon.

¶ 6 Judges and judicial candidates are prohibited by statute from engaging in partisan political activities even to the extent that they are prohibited from publicly stating their partisan political affiliation. These are rights and privileges that judges and judicial candidates are required to give up if they seek to serve as a judge which is a non-partisan public office in our state. The reason behind this prohibition is to ensure the independence of the judiciary and the public perception of impartiality.

¶ 7 The question becomes "May a judge require an employee to abide by the same standards?" The Code 5 1. A. (3)(a) provides that a judge or judicial candidate should encourage members of the candidates family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate. We have previously stated that the Code of Judicial Conduct does not apply to members of the family of the judge or judicial candidate and that while the judge should discourage a family member from engaging in political activities from which the judge or candidate is banned, it must be recognized that he or she cannot control their actions. (See Opinions 98–24, 2000–7, and 2002–11) These opinions discuss the perception of the public that if a family member is engaged in such activities that this reflects the attitude of the judge, but conclude that the First Amendment rights of the family member prevail. The question to be answered is does the same rationale apply to the judge's employees. We believe there is a distinction between what control a judge may exercise over a family member and an employee, and that it is reasonable that restrictions may be imposed on an at-will employee of a judge as a condition of employment. The employee of the judge may reasonably be required to forfeit certain rights and privileges; again, to help insure the independence and impartiality of the judiciary and the perception thereof.

¶ 8 We understand that the provisions of Canon 5 1. A. (3)(b) are referring to the judge's personal race; however, we believe that to preserve the appearance of impartiality and independence that the same standards should apply to all political races. Therefore, the judge "should prohibit employees ... from doing what the candidate is prohibited from doing under the Sections of this Can-

on." This, it would seem to us, is even more true in the race which is the subject matter of the question raised, being an office involved on a daily basis with the court which the judge serves, and in which the judge has and would be perceived by the public to have more than a passing interest.

/s/Robert L. Bailey, Chairman

/s/Milton C. Craig, Secretary

/s/Robert E. Lavender